UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRAIDA JIMENEZ OLIVERAS,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>                    **Defendant.** | Civ. No. 15-cv-8431 (KM)<br><br>**MEMORANDUM & ORDER** |

**MCNULTY, U.S.D.J.:**

    The plaintiff, Iraida Jimenez Oliveras, filed this appeal from the Commissioner's denial of supplemental social security income (SSI) benefits on December 3, 2015. The final decision of the Appeals Council, from which she appeals, is dated September 9, 2015. The Commissioner moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because it was not filed within 60 days of Ms. Oliveras's receipt of the notice of the Appeals Council's denial. For the reasons set forth below, I find that the doctrine of equitable estoppel applies, and excuse the filing of the late-filed appeal. The motion to dismiss is denied.

**Background**

    Plaintiff applied for supplemental social security income (SSI) benefits on September 20, 2011. The Commissioner denied the claim on October 28, 2011. Following two motions for reconsideration of that denial, the Commissioner again denied the application on March 21, 2012. On April 7, 2012, Plaintiff appealed that denial and requested a hearing before an Administrative Law Judge (ALJ). On September 23, 2013, a hearing was held before the Hon. Donna A. Krappa. Judge Krappa denied Plaintiff's application on May 12, 2014. Plaintiff then appealed that denial on June 6, 2014, to the Appeals Council.

1

The Appeals Council denied review on September 9, 2015. A copy of the denial was mailed the same day.

Plaintiff's counsel received a notice of the Appeals Council denial on September 14, 2015. (Decl. of Marieliz Monclova, dated Mar. 28, 2016, Dkt. No. 6-2 ("Monclova Decl." ¶ 2) The Complaint and accompanying Application to Proceed Without Prepayment of Fees or Costs ("Application") were prepared, and Ms. Monclova attempted to file them on October 23, 2015. (*Id.* ¶¶ 4, 5) Apparently, some technical glitch occurred and the documents were not actually received by the electronic filing system. (*Id.* ¶ 6) Upon noticing the problem, Plaintiff's counsel filed the Complaint and Application on November 25, 2015. (*Id.* ¶ 7) The matter was assigned civil docket number 2:15-cv-8360 and the Complaint was docketed as Dkt. No. 1. The Court denied the IFP Application on December 2, 2015, thereby terminating the case. (*Id.* ¶ 8; *see* Docket for 2:15-cv-8360, Dkt. No. 2)

Counsel revised and resubmitted the IFP Application and Complaint on December 3, 2015, under the new and current docket number, 15-cv-8431. (Monclova Decl. ¶¶ 9, 10) This Court granted the IFP Application, as resubmitted, on December 4, 2015. (Dkt. No. 2)

**Discussion**

Courts are empowered to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g)-(h) and 42 U.S.C. 1383(c)(3):

> (g) Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty-days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow ...
> 
> (h) Finality of Commissioner's decision. The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided ...

42 USC § 405 (emphasis added). Here, there is no dispute that the Appeals Council's decision to deny review of the ALJ's decision constituted a final decision of the Commissioner.

Pursuant to regulation, "mailing" of notice, for purposes of section 405(g), is deemed to occur on the date that the claimant actually receives the Appeals Council's notice of denial. Absent independent proof, the date of receipt is legally presumed to be five days after the date of notice. 20 C.F.R. § 416.1841; *id.* at § 416.1401; *Penner v. Schweiker*, 701 F.2d 256, 257 n. 1 (3d Cir.1983). The 60 day period may be extended by the Appeals Council on written request, showing good cause. 20 C.F.R. § 422.210(c); *id.* at § 405.505; *id.* at § 405.20.

Here, the parties agree that the complaint was not filed within 60 plus 5 days of the Appeals Council's denial notice. *See* 20 C.F.R. § 416.1841; *id.* at § 416.1401. Notice of the final decision was mailed on September 9, 2015. Counting 60 days, plus the 5 day mailing period, means that plaintiff's complaint was due to be filed by November 13, 2015. Plaintiff's complaint in this action was not docketed until December 3, 2015, approximately 20 days late. It is true that Plaintiff attempted, on November 25, 2015, earlier to file her Complaint and IFP Application under docket number 15-cv-8360. Even that earlier filing, however, was twelve days late. The parties agree that no extension of the filing deadline was sought.

This is not, however, the end of the matter. Plaintiff contends that the Court should exercise its equitable discretion to toll the 60-day period. *See Bowen v. City of New York*, 476 U.S. 467, 478-82, 106 S.Ct. 2022 (1986). "There are three principal basis for applying the doctrine of equitable tolling: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Kramer v. Comm'r of Social Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (citing O*shiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Plaintiff's counsel affirms that they intended to file the Complaint and Application on October 23, 2015. (Monclova Decl. ¶ 5) Counsel's secretary recalls trying to upload the documents to the electronic filing system and marking it as being completed. (*Id.*) There was, apparently, "some problem with that filing," and the documents were not actually received by the electronic system. (*Id.* ¶ 6) At some undisclosed time, counsel noticed that the documents had not been properly filed and then succeeded in filing the documents on November 25, 2015, and again on December 3, 2015. (*Id.* ¶ 7) I note that, although docketed on December 3, 2015, the IFP Application is dated October 22, 2015, and the Complaint is dated October 23, 2015. (Dkt. Nos. 1, 1-1)

Plaintiff's counsel does not specifically state the date on which it realized that the October 23 attempted filing had failed, nor does counsel address why it was unable to refile the documents before the November 13 deadline (some twenty days after the failed first attempt). Nevertheless, I find that this attempted filing, which was frustrated by some technical difficulty, falls within the bounds of the equitable tolling doctrine. *See, e.g., Hansen v. Astrue*, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012) (quoting *Oshiver*, 38 F.3d at 1387) (applying equitable tolling where plaintiff's counsel attempted to electronically file complaint but was unable to do so because of "electronic malfunction" or "technological mistake").

It is not entirely clear whether the delay is attributable to counsel's error (which, in and of itself, is not grounds for equitable tolling) or some problem with the CM/ECF system. It is clear, however, that the Complaint and Application are dated October 22 and 23, 2015, corroborating Plaintiff's affirmation of intent to file by the deadline. I do not believe that the client should be penalized for this technological error, particularly where the resulting delay was less than one month, and the SSA has not shown any prejudice. *See, e.g., Hansen*, 2012 WL 1551887 at *4 ("[I]t would be inequitable if it turned out that Hansen had to suffer the consequences of an error made by ... an electronic malfunction in the Court's ECF system.").

I will therefore apply the equitable tolling doctrine and deem Plaintiff's complaint to have been filed timely.

## ORDER

Accordingly, for the reasons stated above, and good cause having been shown,

**IT IS** this 12th day of May, 2016,

**ORDERED** that Defendant Commissioner's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

_____
HON. KEVIN MCNULTY, U.S.D.J.

5