NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF UNION, *et. al*,<br><br>Defendants. | Civil Action No.: 10-cv-5710 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff's appeal of Magistrate Judge Joseph A. Dickson's November 23, 2016 Opinion and Order, which granted Defendants' motion to file an answer to Plaintiff's Second Amended Complaint ("SAC") out of time. (ECF Nos. 255-1, "Pl.'s Mov. Br."). Plaintiff also appeals Judge Dickson's December 30, 2016 Order and Opinion denying Plaintiff's motion for reconsideration regarding same. (Id.). Defendants have opposed this appeal. (ECF No. 261, "Defs.' Br."). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiff's appeal of Judge Dickson's November 23, 2016 and December 30, 2016 Opinions and Orders is denied.

## I.    Legal Standard

Generally, a United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). A district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

Therefore, "this Court will review a magistrate judge's findings of fact for clear error." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997).   Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).   Thus, in the absence of clear error, a district court will not reverse the [M]agistrate [J]udge's determination, even in circumstances where the court might have decided the matter differently. *Bowen v. Parking Auth. of City of Camden*, Civ. No. 00-5765, 2002 WL 1754493, at *3 (D. N. J. July 30, 2002); *see also Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.").

"Where, as here, the [M]agistrate has ruled on a non-dispositive matter, . . . his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefhy v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).   "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Lithuanian Commerce Corp.*, 177 F.R.D. at 214 (quoting *Pub. Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir. 1995)).

## II.    Discussion

Plaintiff commenced this action in the Superior Court of New Jersey, Union County, on August 23, 2010.   This case has an unusual and lengthy procedural history, which has been carefully detailed in the Opinions which are the subject of this appeal. (See ECF No. 229 ("JAD Op." at 1-3); ECF No. 240 ("JAD Recon. Op." at 1-3).   For the sake of judicial efficiency, and

because the Court writes only for the Parties, the Court declines to outline the procedural or factual history herein, unless otherwise relevant to the pending appeal.

On October 12, 2016, Defendants filed a motion for an extension of time to file an answer to Plaintiff's SAC. (ECF No. 219). Plaintiff's SAC has been filed on August 6, 2013. (ECF No. 87-1, "SAC"). Defendants filed this motion after Plaintiff's counsel advised Judge Dickson of Plaintiff's intention to introduce Plaintiff's (as yet unanswered) SAC as an exhibit at trial. As stated by Defendants, "[t]he purpose of this Motion is to avoid a manifest injustice if Plaintiff is permitted to rely upon allegations made in her [SAC] without formal opposition in the record." (Id. at 1). Plaintiff opposed Defendant's motion (ECF No. 220) and Defendants replied to same (ECF No. 221). On November 23, 2016, after "careful consideration of the parties' submissions," Judge Dickson entered an Opinion and Order which granted Defendants' motion to file an untimely Answer to Plaintiff's SAC. (JAD Op. at 1).

Judge Dickson applied Federal Rule of Civil Procedure 6(b), which permits a court to extend the deadline by which a party may file motions if the court finds that "the party failed to [timely] act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). (Id. at 3). Next, Judge Dickson discussed the factors that courts are to consider when determining whether a party acted with "excusable neglect," as outlined by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380 (1993). (Id.). As Judge Dickson noted, these factors include "'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" (Id.) (quoting *Kimberg v. Univ. of Scranton*, 411 Fed. App'x. 473, 477 (3d Cir. 2010)).

3

In opposing Defendants' motion to file a late answer, Plaintiff argued, *inter alia*, that she would be prejudiced by the filing of same. Specifically, Plaintiff argued that because Defendants never answered the SAC, and because they had previously admitted to particular paragraphs in their answer to Plaintiff's Amended Complaint, those allegations are deemed admitted. (ECF No. 220-1 at 10). Plaintiff was particularly concerned with paragraphs 20-24 of the SAC, which include allegations that male retirees were receiving "lifetime health benefits." In her opposition before Judge Dickson, Plaintiff stated that:

> On September 29, 2016, for the first time in the history of this litigation, in a conference call with the Court, defense counsel asserted that it would contest that male employees were receiving lifetime benefits since their retirement. Said position is directly contrary to its answer to the amended complaint, its response to request for interrogatories, its initial disclosure, and interrogatory answers. It now seeks to answer the Second Amended Complaint three years out of time, but contrary to the Federal Rules of Civil Procedure, does not attach its proposed Answer to this motion.

(Id. at 6; see also ECF No. 226 at 3).

Judge Dickson was not moved by this argument as to prejudice. (JAD Op. at 6-7). That is, Judge Dickson expressly rejected the notion that Plaintiff could believe these allegations as undisputed "[g]iven the parties' remarkably litigious conduct in this case" coupled with "Plaintiff's failure to take any action in connection with Defendants' alleged admissions." (Id. at 7). Ultimately, Judge Dickson granted Defendants' motion to file an answer out of time.

On December 8, 2016, Plaintiff moved for reconsideration of the above-discussed Opinion and Order. (ECF No. 232). That motion was fully briefed. (ECF Nos. 232-2, 235, 238). In moving for reconsideration, Plaintiff argued, as she does in the pending appeal, that Judge Dickson "overlooked" that the issue of lifetime benefits is highly relevant to the amount of damages Plaintiff could collect upon a finding of liability. (ECF No. 232-2 at 3). Once again, Judge Dickson rejected Plaintiff's argument as to prejudice, and ultimately denied Plaintiff's motion for reconsideration. (JAD Recon. Op. at 5-6).

In the pending appeal, Plaintiff once again argues that she is prejudiced by Defendants' untimely answer and that the late answer was filed in bad faith. (Id.). The Court addresses these arguments below.

### III.    Discussion

The issue before this Court is whether Judge Dickson committed "clear error" in granting Defendants' motion for an extension of time to file an answer to the SAC. The Court finds no such error.

As Judge Dickson noted, a court may grant a party's untimely motion for an extension of time to move for relief "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In deciding whether a party failed to act because of "excusable neglect," Judge Dickson applied the factors outlined by the Supreme Court in *Pioneer Investment Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993). That is, Judge Dickson considered: (1) whether Defendants demonstrated good faith and professional competence; (2) whether Plaintiff will be prejudiced by the late answer; (3) and any delay or other impact that a grant of Defendants' motion would have on the proceedings. (JAD Op. at 4-8). Judge Dickson found each of these factors to militate in Defendants' favor.

Plaintiff now argues that Judge Dickson committed clear error in finding that she would not be prejudiced by permitting Defendants to file a late answer. According to Plaintiff, the issue of whether retired male employees received "lifetime health benefits" is "highly relevant to damages and there is great prejudice to Plaintiff by permitting Defendants' change in position." (Pl.'s Mov. Br. at 3). Plaintiff provides a list of eight reasons why she is prejudiced by Defendants' filing of a delayed answer to her SAC, which, from Plaintiff's perspective, gives Defendants the opportunity to change their position with respect to whether certain retirees are receiving "lifetime"

health benefits.  (Id. at 7).  The Court is not persuaded that these points indicate any prejudice to Plaintiff.  Rather, the Court finds that Judge Dickson's Opinions were directly responsive to Plaintiff's concerns with respect to the effect of the Magistrate Judge's decision on her ability to recover damages.

In his well-reasoned Opinion resolving Plaintiff's motion for reconsideration, Judge Dickson explained:

> Plaintiff's argument that Defendants' position will impact Plaintiff's expert report is apparently based on a faulty assumption that the term "lifetime" is dispositive to determining damages if Defendants are found liable for the alleged discrimination, or that Plaintiff's expert relied on Defendants' admissions.  Both assumptions are groundless.  Defendants have admitted that certain employees were provided health benefits when they retired.  In Defendants' opposition brief to Plaintiff's motion for reconsideration of this Court's Order and Opinion dated November 23, 2016 concerning the use of certain documents at trial, Defendants explained:
>
>> Whether those retirees will receive such benefits until the day they die will depend on a number of factors outside of the control of the Township of Union; including, whether they are subsequently employed and eligible for more generous benefits through their spouse, which they may choose to utilize, the impact of Medicare eligibility; and changes in state law that may impact the State Health Benefits Program, the plan provided by the Township of Union for its employees and retirees.
>
> (Def. Br., ECF No. 235 at 7).  Therefore, until every one of these certain mail employees are deceased, it is simply not possible to demonstrate that these employees received benefits for life.  Moreover, Defendants' position does not prejudice Plaintiff.  If the jury finds that Defendants are liable, Plaintiff still has the ability to make the argument that she is entitled to receive damages; specifically, she may argue for the value of the benefits for the remaining years of her life.  This is precisely what her expert will attempt to show: what benefits would have been paid for her expected life.  Plaintiff's expert does not rely on any admission by Defendants that others received lifetime benefits—it relies on her actuarially calculated life expectancy.  (See Ex. Binder, Ex. P-72).

(JAD Recon. Op. at 5-6).  The Court finds no error in this explanation.  Additionally, the Court notes that notwithstanding the above discussion, Judge Dickson permitted "limited discovery to determine whether male retired officers Paul Bruno, Frederick McCarrick, Albert Stotzer and

Lawrence Kuntz are receiving 'lifetime health benefits' paid for by the Defendant, Township of Union." (Id. at 8-9). Accordingly, even if Plaintiff was prejudiced by Defendants' late answer, any prejudice could be cured by her ability to take limited discovery with respect to this issue.

Plaintiff also argues that Magistrate Judge Dickson erred in finding that Defendants did not act in good faith. (Pl.'s Mov. Br. at 7). The Court disagrees. That is, the Court fails to find clear error in Judge Dickson's conclusion that "Defendants demonstrated good faith and professional competence," notwithstanding their failure to timely answer the SAC. (JAD Op. at 4-5). In coming to this conclusion, Judge Dickson considered, among other things, the "unusual procedural history" of this case, which involved a stay of the matter pending an arbitration as well as extensive motion practice. (Id.). Judge Dickson properly likened this case to *Kimberg v. Univ. of Scranton*, 411 Fed. App'x 473 (3d Cir. 2010), in which the Third Circuit affirmed the court's grant of defendants' permission to file a late answer where "[t]he atypicality of this procedural posture lends credence to Defendants' position that their failure to file within the allotted time period was an honest oversight and not part of a sinister, well-conceived plan to frustrate Kimberg's discovery efforts." (JAD. Op. at 5) (quoting *Kimberg*, 411 Fed. App'x at 478). Thus, the Magistrate Judge's conclusion that Defendants did not act in bad faith is supported by both the record and case law.

Moreover, the Court is not moved by Plaintiff's argument that Defendants' filing of the underlying motion on the eve of trial demonstrates bad faith. (Pl.'s Mov. Br. at 7). As Defendants explain in their opposition to the pending motion, their motion for an extension of time to file an answer to the SAC was directly responsive to Plaintiff's counsel's representations to Judge Dickson that it intended to introduce the SAC as a trial exhibit. (Defs.' Br. at 7). Upon learning of this intention, Defendants sought to file an answer to the SAC "out of time to address the factual assertions and to avoid what would be a manifest injustice if Defendants were not permitted to

7

refute allegations made in the [SAC]." (Id.). Given this background, it does not appear that Defendants' late filing was premeditated or malicious; rather, it was responsive to an oversight that was only recently flagged by Plaintiff's desire to introduce the SAC as an exhibit at trial.

In short, the Court finds that Judge Dickson's November 23rd and December 30th Opinions and Orders with respect to this issue are not "clearly erroneous." These rulings are therefore affirmed.

## IV.    Conclusion

For the reasons discussed herein, Plaintiff's appeal of Judge Dickson's November 23, 2016 and December 30, 2016 Opinions and Orders is denied. Judge Dickson's rulings are affirmed. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED:      March  13 , 2017

_____
JOSE L. LINARES, U.S.D.J.